UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| LEAH ALLYN NEWTON, | Case No:  1:11-cv-1083 |
| Plaintiff, | Hon. Robert J. Jonker |
| v | |
| HEATHER STILLE, | **ANSWER, AFFIRMATIVE DEFENSE AND RELIANCE ON JURY DEMAND OF OTTAWA COUNTY DEPUTY HEATHER STILLE** |
| Defendant. | |

_____

| | |
|---|---|
| Daniel E. Manville (P39731) | Douglas W. Van Essen (P-33169) |
| Civil Rights Clinic | SILVER & VAN ESSEN, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Michigan State Univ. College of Law | 300 Ottawa Avenue N.W. – Suite 620 |
| 610 Abbott Road | Grand Rapids, MI  49503 |
| East Lansing, MI  48823 | (616) 988-5600 |
| (517) 336-8088 | |

_____

Defendant Ottawa County Deputy Heather Stille, ("Ottawa County Deputy"), by her attorneys, Silver & Van Essen, P.C., answers the Plaintiff's Complaint, as follows:

## INTRODUCTION

The Ottawa County Deputy objects to the "Introduction" as being argumentative and violative of Fed. R. Civ. P. 8(d)(1), which requires that each factual allegation be "simple, concise and direct."  To the extent a responsive pleading is required, the Ottawa County Deputy denies the conclusions contained therein because they are not true and she also denies the suggestion that she used excessive force or that Plaintiff was

attempting to calm herself when she verbally assaulted the Deputy, disregarded appropriate officer commands, and instead misappropriated a nearly full soft drink bottle and threatened to injure the officer generally, and specifically with the upraised bottle.

**Parties**

1. On information and belief, the Ottawa County Deputy admits this Paragraph.

2. The Ottawa County Deputy admits that she is an Ottawa County Deputy and was on duty at the Holland District Court. She neither admits nor denies the allegations that she acted in her individual capacity and under color of state law as those are legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is necessary, the Ottawa County Deputy asserts that at all times herein she was acting in her official capacity.

**Jurisdiction and Venue**

3. The Ottawa County Deputy neither admit3 nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

4. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

5. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph, because the allegations are legal conclusions to which no responsive pleading is necessary.

**Factual Allegations**

6. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information. In any event, the Ottawa County Deputy denies the relevance of the allegations.

7. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information. In any event, the Ottawa County Deputy denies the relevance of the allegations.

8. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information. In any event, the Ottawa County Deputy denies the relevance of the allegations.

9. The Ottawa County Deputy neither admits nor denies the allegations contained in this Paragraph due to a lack of information.

10. The Ottawa County Deputy denies the allegations of this Paragraph as untrue and irrelevant. The Ottawa County Deputy admits that Plaintiff was verbally combative and abusive.

11. The Ottawa County Deputy admits the allegations in this Paragraph.

12. The Ottawa County Deputy admits that she gave a directive for the Plaintiff to remove her jewelry. The Ottawa County Deputy denies that the Plaintiff was compliant, but rather that Plaintiff refused and had to be assisted. The Ottawa County Deputy denies that Plaintiff had a "panic" attack or that this in any way justified her noncompliance with an officer's directives.

13. The Ottawa County Deputy denies that there was a panic attack or that this justified her refusal to comply with the Deputy's commands. The Ottawa County Deputy admits that Plaintiff was noncompliant and abusive.

14. The Ottawa County Deputy admits that Plaintiff began grabbing things that did not belong to her instead of following the Deputy's commands, including a roll of toilet paper. The remaining allegations in this Paragraph are denied as untrue.

15. The Ottawa County Deputy admits that to secure the situation, she attempted to regain possession of things that the Plaintiff was improperly taking and instructed the Plaintiff that once she was compliant, a tissue would be provided. The Ottawa County Deputy admits that Plaintiff was again noncompliant and verbally abusive.

16. The Ottawa County Deputy admits that Plaintiff continued to grab items, including a towel. The Ottawa County Deputy denies as untrue any suggestion that she authorized the appropriation of the towel.

17. The Ottawa County Deputy denies that Plaintiff was experiencing a panic attack or that her resistance was justified. The Ottawa County Deputy denies that Plaintiff advised her that she was suffering a panic attack or asked for a drink before she misappropriated the coke that did not belong to her.

18. The Ottawa County Deputy admits that Plaintiff took a nearly full Coke bottle that did not belong to Plaintiff without permission and against the Deputy's commands to allow herself to be restrained. The Ottawa County Deputy admits that she instructed Plaintiff to put the Coke down and admits that Plaintiff refused to do so. The

Ottawa Count Deputy denies that Plaintiff was justified in disregarding an officer's directives or taking things that did not belong to her and then using them to threaten the officer.

19. The Ottawa County Deputy admits that she attempted to thwart the Plaintiff from maintaining possession of the Coke bottle which did not belong to her and which could pose a threat,, and that the Plaintiff raised her arm to resist the confiscation of the bottle. The Ottawa County Deputy admits that she feared for her safety and that she was losing control of the situation as Plaintiff raised the bottle to either throw it at her or it her with it. The Ottawa County Deputy denies that Plaintiff "accidentally" dropped the bottle.

20. The Ottawa County Deputy admits that to protect herself and the Plaintiff and gain control of a disobedient Plaintiff who was grabbing objects that did not belong to her against commands and verbally threatening and physically preparing to hit her, the Ottawa County Deputy placed Plaintiff's left hand behind her back in order to restrain Plaintiff. Any remaining allegations in this Paragraph are denied as untrue.

21. The Ottawa County Deputy denies as untrue that she assaulted Plaintiff and denies as untrue that Plaintiff had not engaged in threatening, intimidated behavior towards the Deputy as well as the implication that restraint of a disobedient Plaintiff who was grabbing objections against commands was "unnecessary." To the contrary, Plaintiff's was verbally assaultive, had grabbed the bottle against commands and had raised the bottle in a threatening gesture.

22. The Ottawa County Deputy admits that after getting Plaintiff's arm behind her, the Deputy attempted to secure Plaintiff against the wall in order to gain control. The Ottawa County Deputy admits that Plaintiff continued to physically resist the restraint.

23. The Ottawa County Deputy denies as untrue that she "unreasonably twist[ed]" Plaintiff's wrist or violently threw Plaintiff to the ground" but rather than Plaintiff continued to resist the restraint, remained verbally abusive and noncompliant, and the Deputy had to take Plaintiff to the ground in order to gain physical control over her and prevent her from possibly gaining control of the Deputy's weapon. The Ottawa County Deputy admits hearing an audible snap. Any remaining allegation in this Paragraph is denied as untrue.

24. The Ottawa County Deputy admits that Plaintiff continued to resist arrest as she had done from the beginning. The Ottawa County Deputy neither admits nor denies when the Plaintiff's arm broke as she is without information sufficient to form a belief other than the snap which occurred during the initial take down. The Ottawa County Deputy further notes that Plaintiff is responsible for her injuries by continually resisting the arrest and the restraint and continued to be verbally abusive.

25. The Ottawa County Deputy admits that Plaintiff continued to resist arrest as she had done from the beginning and that the Deputy was assisted in securing the Plaintiff by Officer Dykema. The Ottawa County Deputy neither admits nor denies when the Plaintiff's arm broke as she is without information sufficient to form a belief other than it occurred during the audible snap during the initial take down, and further

notes that Plaintiff is responsible for her injuries by continually resisting the arrest and the restraint.

26. The Ottawa County Deputy denies as untrue that Plaintiff lost consciousness. The Ottawa County Deputy notes that Plaintiff appeared conscious and admits that Plaintiff began complaining of pain in her left arm, and that the Deputy requested that Officer Dykema request an EMS medical.

27. The Ottawa County Deputy denies the allegations of this Paragraph because they are untrue.

28. The Ottawa County Deputy admits that Plaintiff continued to disobey instructions and continued to resist arrest, but denies that she placed her hands on Plaintiff's shoulders until she was seated on a chair. Any remaining allegations in this Paragraph are denied as untrue.

29. The Ottawa County Deputy admits that other deputies and she assisted Plaintiff into a chair, and thereafter Plaintiff disregarded commands, continued to be verbally abusive and attempted to get up out of the chair, at which point the Deputy had to place her arms on Plaintiff's shoulders to keep her restrained. The Ottawa County Deputy denies as untrue that an EMS unit was called after "several minutes," rather as soon as Plaintiff had been restrained, the Deputy requested and Officer Dykema used his radio to call for EMS.

30. The Ottawa County Deputy admits that an EMS unit arrived and assessed the Plaintiff and decided she should be transported to the hospital.

31. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph due to a lack of information sufficient to form a belief as to their truth.

32. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph due to a lack of information sufficient to form a belief as to their truth.

33. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph due to a lack of information sufficient to form a belief as to their truth.

34. The Ottawa County Deputy denies as untrue the allegation that it was her actions that were the proximate cause of the Plaintiff's injuries. Rather, the Plaintiff is responsible for her injuries by being verbally abusive, unresponsive to commands, grabbing objects against commands and resisting arrest. Any remaining allegations in this Paragraph are denied as untrue.

35. The Ottawa County Deputy denies the allegations of this Paragraph because they are untrue.

## COUNT I—42 USC §1983 (4th Amendment)

36. The Ottawa County Deputy incorporates by reference her answers to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph since they are legal conclusions to which no responsive pleading is due.

38. The Ottawa County Deputy admits the allegations of this Paragraph.

39. The Ottawa County Deputy neither admits nor denies the allegations in this Paragraph due to a lack of information sufficient to form a belief as to their truth.

40. The Ottawa County Deputy denies the allegations of this Paragraph because they are not true. Plaintiff was resisting the Deputy's reasonable commands.

41. The Ottawa County Deputy admits that Plaintiff improperly and against commands grabbed a can of pop that did not belong to her. The Ottawa County Deputy denies that Plaintiff was suffering a panic attack or that such an attack would justify verbal abuse, resisting an officer's commands or resisting arrest as is evident in Plaintiff's refusal to defend the criminal charges that were linked to her actions. Moreover, the Ottawa County Deputy denies that Plaintiff did not raise the bottle in a threatening manner. Any remaining allegations in this Paragraph are denied because they are not true.

42. The Ottawa County Deputy denies as untrue the allegations of this Paragraph. Plaintiff was refusing commands, grabbing objects without authorization, resisting arrest and was engaged in threatening behavior that necessitated her restraint.

43. The Ottawa County Deputy denies the allegations of this Paragraph because they are not true. The Ottawa County Deputy admits that she had to place Plaintiff's arm around her back in an effort to gain control of her; that Plaintiff continued to resist arrest and restraint, necessitating that she be taken to the ground where she could be secured and would not pose a threat to the Deputy's weapon.

44. The Ottawa County Deputy denies the allegations of this Paragraph because they are not true.

45. The Ottawa County Deputy denies the allegations of this Paragraph because they are not true.

**WHEREFORE**, the Ottawa County Deputy respectfully requests that this Court deny the Plaintiff any relief pursuant to the Complaint, that the Complaint be dismissed with prejudice, and that the Deputy be granted such further relief as this Court deems appropriate including but not limited to costs and attorneys fees.

## COUNT II—ASSAULT AND BATTERY

46. The Ottawa County Deputy incorporates by reference her answers to Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. The Ottawa County Deputy neither admits nor denies the allegations of this Paragraph because they are legal conclusions to which no responsive pleading is necessary.

48. The Ottawa County Deputy denies as untrue the allegations of this Paragraph. Plaintiff was refusing commands, grabbing objects without authorization, threatening the Deputy both verbally and physically, resisting arrest and had to be restrained.

49. The Ottawa County Deputy denies as untrue the allegations of this Paragraph. Plaintiff was refusing commands, grabbing objects without authorization, threatening the Deputy both verbally and physically, resisting arrest and had to be restrained.

**WHEREFORE**, the Ottawa County Deputy requests that this Court deny the Plaintiff any relief pursuant to the Complaint, that the Complaint be dismissed with prejudice, and that she be granted such further relief as this Court deems appropriate including but not limited to costs and attorneys fees.

## **AFFIRMATIVE DEFENSES**

The Ottawa Deputy, by and through its attorneys aforesaid, incorporates by reference his answer to the Complaint and states the following as its affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff failed to mitigate her alleged damages.

3. Plaintiff's claims are barred in whole or in part by her contributory negligence or intentional acts, including to but not limited to the fact that she resisted the Deputy's reasonable commands, grabbed objects that did not belong to her, posed a threat to security by resisting commands and grabbing unauthorized objects, threatening the officer verbally and with the objects and that any reasonable officer would have reacted to gain control of this situation by restraining Plaintiff.

4. Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, unclean hands, and set off.

5. All or a portion of the Plaintiff's claims are barred by the 11th Amendment to the United States Constitution due to the fact that the Ottawa County Deputy was assigned during all times relevant to the Complaint as the security officer to the Ottawa County Courts, which are part of Michigan's one court of justice.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Defendant is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

8. In addition to the facts above, Plaintiff's claims are barred in whole or in part by the doctrines of governmental, municipal, qualified, good faith and officer immunity.

11

9. That some or all of the claims may be barred by the *Heck* Doctrine[1], since Plaintiff was convicted of resisting arrest and, therefore, cannot challenge the restraints employed during that arrest.

10. That some or all of the claims may be barred by the Plaintiff's failure to follow administrative remedies.

11. That Plaintiff has adequate state remedies which may bar some or all of the claims.

12. That the actions of the Deputy do not rise to the level of constitutional violations.

13. That some or all of the claims may be barred by collateral estoppel.

14. The Ottawa County Deputy reserve the right to add additional defenses as they become know through discovery.

**WHEREFORE,** the Ottawa County Deputy requests that this Court deny the Plaintiff any relief pursuant to the Complaint, that the Complaint be dismissed with prejudice, and that the Deputy be granted such further relief as this Court deems appropriate including but not limited to costs and attorneys fees.

**SILVER & VAN ESSEN, P.C.**
Attorneys for Ottawa County Deputy Stille

Dated: October 27, 2011     By: /s/ Douglas W. Van Essen
_____
Douglas W. Van Essen   (P-33169)

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

dwv@silvervanessen.com

BUSINESS ADDRESS & TELEPHONE:
300 Ottawa Avenue N.W. – Suite 620
Grand Rapids, MI 49503
(616) 988-5600

## RELIANCE ON JURY DEMAND

The Ottawa County Deputy hereby declare their reliance on the Plaintiff's jury demand and demand, themselves, a trial by jury on all issues triable by jury.

**SILVER & VAN ESSEN, P.C.**
Attorneys for Ottawa County Deputy Stille


/s/ Douglas W. Van Essen
Dated: October 27, 2011 By:_____
Douglas W. Van Essen (P-33169)
dwv@silvervanessen.com

BUSINESS ADDRESS & TELEPHONE:
300 Ottawa Avenue N.W. – Suite 620
Grand Rapids, MI 49503
(616) 988-5600

---

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2011, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

SILVER & VAN ESSEN, P.C.

/s/ Douglas W. Van Essen
By:_____
Douglas W. Van Essen (P33169)
dwv@silvervanessen.com

BUSINESS ADDRESS & TELEPHONE:
300 Ottawa Avenue N.W. – Suite 620
Grand Rapids, MI 49503
(616) 988-5600

13